SULLIVAN, Justice,
dissenting.
The Court says that each of three ABA Standards for Imposing Lawyer Sanctions calling for disbarment “obtains” in this case but then imposes a lesser sanction. I believe that disbarment is the appropriate sanction here and so respectfully dissent.
I concur with the Court that Respondent violated Rules 1.7 and 1.8(a) concerning lawyer-client conflicts of interests and violated Rule 8.4(b) by committing a criminal act (conversion) that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer. While the Court concludes that it should allow him the opportunity to seek to return to the practice of law, I believe Respondent has forfeited any such opportunity. After all, he wrote checks to himself totaling approximately $100,000 from his frail and elderly client’s account—consuming approximately one-third of her estate—without any written documentation to memorialize any work performed for the client. And although he first maintained that his withdrawal of the $100,000 was for legal services performed, he changed his explanation mid-litigation to claim that they constituted her voluntary assistance to him as an author. I would not provide an opportunity to return to practice to a lawyer who, after helping himself to his frail and elderly client’s money, says the money was a gift after his first explanation that it constituted payment for legal services was rejected by a court.
MASSA, J., concurs.